UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT KING, an individual

    Plaintiff,

v.                                           Case No: 2:16-cv-13-FtM-29CM

CITY OF CAPE CORAL,

    Defendant.

## ORDER

This matter comes before the Court upon review of the Joint Motion to Extend Pretrial Deadlines and to Continue Final Pretrial Conference and Trial (Doc. 18) filed on May 25, 2017. The parties seek to extend the Court-ordered deadlines by ten (10) weeks because the parties wish to preserve resources by preparing and responding to dispositive motions after mediation. Doc. 18 at 2-3. The parties state that they currently are scheduled to mediate on July 26, 2017, which is approximately two months after their mediation deadline of May 19, 2017 had expired, because of their mediator's scheduling conflicts. *Id.* at 2; Doc. 16 at 1.

On August 24, 2016, Senior United States District Judge John E. Steele entered a Case Management and Scheduling Order ("CMSO") setting the deadlines to disclose expert reports for Plaintiff to February 1, 2017 and for Defendant to March 3, 2017, the discovery deadline to April 28, 2017, the mediation deadline to May 19, 2017, the deadline for dispositive motions to May 30, 2017, and a trial term of November 6, 2017. Doc. 16 at 1-2.

District courts have broad discretion when managing their cases in order to ensure that the cases move to a timely and orderly conclusion. *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002). The standards for modification of deadlines are set forth in Rules 6 and 16 of the Federal Rules of Civil Procedure. Rule 6 requires a showing of excusable neglect when, as here, a party files a motion after the time for filing such motion has expired. Fed. R. Civ. P. 6(b)(1)(B). Rule 16 requires a showing of good cause for modification of a court's scheduling order. Fed. R. Civ. P. 16(b)(4). "Th[e] good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F. 3d 1417, 1418 (11th Cir. 1998) (internal quotations and citations omitted). Thus, a party must demonstrate both good cause and excusable neglect for filing an untimely motion. *Estate of Miller v. Thrifty Rent-A-Car Sys., Inc.*, 609 F. Supp. 2d 1235, 1252 (M.D. Fla. 2009).

Here, the parties must demonstrate both good cause and excusable neglect because they filed the present motion on May 25, 2017, six days after the mediation deadline of May 19, 2017 had expired. Doc. 16 at 1. Despite untimely seeking to extend the mediation deadline, however, the parties do not attempt to demonstrate excusable neglect. Doc. 18. Nonetheless, the Court will grant the parties' motion because they allege that they had tried to secure a mediation date since late-March. *Id.* at 4. The Court also notes that this is the first extension requested by the parties, and they jointly request this extension. *Id.* at 3.

In addition, the Court reminds the parties that this case has been pending since January 7, 2016. Doc. 1. Given the length of time this case has been pending, the Court expects the parties to exercise their diligence in meeting the extended deadlines. The parties point out that the case as rescheduled still will be on track to be completed within two (2) years of the initial filing, as contemplated under Local Rule 3.05(c)(2)(E). Doc. 18 at 3. The parties' continued diligence and coordination will help avoid the parties' future need to file additional motions to extend the deadlines.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The Joint Motion to Extend Pretrial Deadlines and to Continue Final Pretrial Conference and Trial (Doc. 18) is **GRANTED**.

2. An amended case management and scheduling order will be issued under separate cover.

**DONE** and **ORDERED** in Fort Myers, Florida on this 26th day of May, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record